CHARLEY WRIGHT v. THE STATE.

*No. 794.   Decided April 15th, 1896.*

*Motion for Rehearing Decided January 13th, 1897.*

1. **Information—Conclusion of.**

An information which does not conclude, "against the peace and dignity of the State," as required by the Constitution, Art. 5, Sec. 12, is fatally defective.

ON MOTION FOR REHEARING.

2. **Rehearing—Practice on Appeal.**

Where an appeal has been dismissed on account of a fatal defect in the information, the judgment of dismissal will be set aside and a rehearing granted upon satisfactory proof that said information was incorrectly copied into the transcript, and that it was, in fact, valid and sufficient in the particular in which it was held defective.

3. **Statement of Facts—Practice on Appeal.**

A statement of facts, which is not approved by the judge, though signed by the attorneys, cannot be considered on appeal.

4. **Local Option—Publication of the Result.**

Where the order of the County Court, declaring the result of a local option election, has been published the requisite time in one newspaper, it is immaterial that it was not properly published in another paper.

5. **Minutes of Court—Signing Same by Judge.**

It is not necessary to the validity of the orders entered upon the minutes of the court, that said minutes were not signed by the presiding judge.

6. **Judgments, Orders and Decrees of Court—Charge.**

It is the duty of the court to construe such judgments, orders, and decrees, as may be brought in question before it; and a charge, instructing the jury that the orders and decrees under which a local option election was held were prima facie correct, is not erroneous.

APPEAL from the County Court of Erath. Tried below before Hon. THOMAS B. KING, County Judge.

Appeal from a conviction for violation of local option; penalty, a fine of $30 and twenty days' imprisonment in the county jail.

There is no valid statement of facts in the case. The matters presented by the bills of exception are sufficiently stated in the opinion.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is a conviction for a violation of the local option law. Appellant assigns several errors, three of which are

noticed by the Assistant Attorney-General in his brief.   As the record
is presented to us, there is a fatal defect in the information, which re-
quires a reversal of the judgment.   This has been overlooked in the
presentation of the case by counsel.   The defect in the information
mentioned is that it fails to conclude "against the peace and dignity of
the State."   Article 5, § 12, of the State Constitution, provides, among-
other things, "that all prosecutions shall be carried on in the name and
by the authority of the State of Texas, and shall conclude, 'against the
peace and dignity of the State.'"   This information should have con-
cluded "against the peace and dignity of the State."   This is an express
mandatory provision of the Constitution.   There is no suggestion in the
record or to this court that this is an omission by the clerk in transcrib-
ing said information into the record, and no certiorari is requested.   The
judgment is reversed, and the cause ordered dismissed.

*Reversed and Dismissed.*

### ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—The judgment in this case was heretofore re--
versed, and the prosecution ordered dismissed, because the information
did not conclude, "against the peace and dignity of the State," as re-
quired by the terms of Art. 5, Sec. 12, of the Constitution.   Subse-
quently the State moved a rehearing, and showed to the court that the
information was incorrectly copied into the transcript, and that it did
conclude as required by the terms of the Constitution.   Upon this show-
ing the rehearing was granted, and the case stands now for decision upon
the record.   There is in the record what purports to be a statement of facts,
signed by the attorneys, but not approved by the court.   As presented
to us, this statement of facts cannot be considered.   A motion to con-
tinue the case was presented by the appellant, on account of the absence
of the testimony of one Neal, by whom appellant expected to prove that
there was an interregnum in the publication of the result of the local-
option election, for a violation of which he was convicted, in a news-
paper called "The Dublin Leader."   Another bill of exceptions shows
that this result of the election was published the required time in another
paper, known as "The Empire."   This was a sufficient publication of the
order declaring the result of said election, and it was not necessary that it
should have been published in another paper.   Therefore, it is immaterial
that there was an interregnum in publishing it in the "Dublin Leader."
The order of the court in regard to holding the election, declaring the
result thereof and the publication of the same, were all properly ad-
mitted in evidence.   The objections to the admission of this testimony
are not well taken.   Nor is there any force in the objection to the ad-
mission of these matters, that the minutes of the special term of court
at which these orders were entered were not signed by the presiding
judge.   This was not necessary to their validity.   This has been the-

settled rule in Texas since the case of Cannon v. Hemphill, 7 Texas, 184. The court instructed the jury as to the legal effect of the orders and decrees under which said local option election was held, and informed them that such orders and decrees were prima facie correct. This charge was excepted to, and a bill of exceptions reserved. There is no merit in appellant's contention. The charge was correct. It is the duty of the court to construe such judgments, orders and decrees. See; Irish v. State, 34 Tex. Crim. Rep., 130. We have read the evidence found in what purports to be a statement of facts, and, if it could be considered, we would unhesitatingly hold that it amply supports the conviction. But, as before stated, it not being approved by the trial judge, said statement of facts cannot be considered. The motion for a rehearing is granted, and the judgment is affirmed.

*Affirmed.*