## PALMER JORDAN v. THE STATE.

*No. 1121. Decided January 27th, 1897.*

*Motion for Rehearing Decided February 24th, 1897.*

**1. Local Option—Regularity of the Election.**

The place for holding a local option election is sufficiently designated as the town of (naming it), and at the mayor's office, where there was no other election precinct in the territory. It is sufficient to designate the presiding officer of the precinct as the officer to hold the election, without naming him; and, where there is no proof attacking the regularity of the election, it is not error to refuse to instruct the jury with regard to the duty of the Commissioners' Court, in ordering the election, as to how, when and where and by what officers it should be held.

**2. Same—Where a School District is Embraced in the Territory.**

Where the petition, for a local option election, the order of the Commissioners' Court ordering the election, the order declaring the result of the election all contain a minute description of the territory to be affected by the election, it is wholly immaterial whether the order creating the school district therein named was properly entered—the failure of the court to properly describe the boundaries of a school district cannot invalidate the order creating a local option precinct or subdivision.

**3. Judgment—Failure of Judge to Sign Minutes.**

The judgments of a court are not invalidated by the failure of the presiding judge to sign the minutes of the term.

**4. Challenge of Jurors—Bill of Exceptions.**

A bill of exceptions, as to the challenge of jurors for cause is wholly insufficient, if it fails to show that the jurors were in fact challenged—that defendant exhausted his peremptory challenges and that the jurors sat upon the case.

APPEAL from County Court of Ellis. Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days' imprisonment in the county jail.

No statement necessary.

*John D. McRae,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of a violation of the local option law, and appeals. Appellant requested the following

special instruction, which was refused by the court, to-wit: "When the Commissioners' Court, upon a petition, shall order an election to be held, it shall be the duty of said court to order said election to be held at the regular voting places in the proposed subdivision in Ellis County, and designate and appoint such officers to hold such election as are now required to hold general elections in Ellis County; that the officers authorized to hold general elections are the persons appointed by the Commissioners' Court of this (Ellis) county at the first regular or called session of said court, as presiding officer of the election precinct, naming such person." The statement of facts shows that the court ordered the election to be held in the town of Ferris, at the mayor's office. This designates the place, and is sufficient, in the absence of a showing that there were other election precincts in said territory. There is no pretense at all that there were other election places in said precinct than the one designated. This question, therefore, was not an issue in this case. The presiding officer of such precinct was designated, without naming him, to hold said election. There was no issue raised on the trial of this case that said election was not regularly held in all respects, so far as the presiding officer, judges, and clerks were concerned. If said presiding officer did not hold said election, and another presiding officer and assistant judges held it, by selection of the people, still the election would be valid; but there is no proof in the record attacking the regularity of the election. Hence the court properly refused to give this instruction. Appellant asked the further special instruction "that a school district attempted to be created by the Commissioners' Court must be described by metes and bounds, must give the names of the surveys included therein, the number of acres in each survey, the parts of surveys, and the number of acres in parts of said surveys; that the minutes of the term of the court creating the same must be signed by the County Judge; and that the district so created must be recorded by the County Judge." This charge was also refused, and appellant excepted. The petition for the election, the order of the Commissioners' Court ordering the election, the order declaring the result of said election, all contain a minute description of the territory to be affected by said local option election; and it is wholly immaterial whether the order creating the school district was properly entered creating said school district. It may have been irregular. We do not hold that it was or was not. But concede that it was irregular; still there is no want of certainty in regard to the metes and bounds of the territory, to be affected under this local option election. It is definitely and specifically described; and the failure of the court to properly describe the boundaries of a school district cannot invalidate the order of the Commissioners' Court creating a local option precinct or subdivision. Nor is there any merit in the contention of appellant that the court erred in failing to give special instruction to the effect that the minutes of the court creating the school district must be signed by the County Judge. That could not affect any question in this case, because the local option

election was ordered at a different term of court and the failure to sign the minutes of some preceding term of court could not affect the judgment of a succeeding term of court. But, in any event, the judgments of a court are not invalidated by reason of the fact that the presiding judge did not sign the minutes of that term. This has been settled in Texas by an unbroken line of decisions, since the case of Cannon v. Hemphill, 7 Texas, 184. There was no error in the court's refusing to give the special instructions asked by the appellant. While impaneling the jury, the jurors, Dilworth, Bell, Harville, and Garvin, were examined by the County Attorney, touching their service and qualifications as jurors, as follows: " 'Is it not a fact that you, and each of you, are prejudiced against the sale of intoxicating liquors, whether the sale thereof be legal or illegal?' Whereupon the court read to said jurors a definition of the word 'prejudice'; and thereupon the jurors, Dilworth, Bell, and Harville, answered that they were not, and the juror Garvin answered that he was, prejudiced against the sale of intoxicating liquors, whether the sale be legal or illegal. The defendant, by his attorney, challenged all of said jurors for cause, and especially Garvin, which challenge was overruled, and defendant excepted, for the following reasons: that said jurors, and especially Garvin, had disqualified themselves." What became of these jurors this bill of exceptions fails to show. Whether they sat on the case or not we are not advised; and, under his statement of the question, it is shown that none of said jurors had any prejudice against the sale of whiskey, except Garvin. Defendant does not even show that he exhausted his challenges. He does not show whether he challenged any of said jurors, or all of them, or whether they sat on the jury. These questions have been so often discussed in the various opinions rendered by this court that we deem it unnecessary to more than simply state the bill of exceptions as it appears in the record. If the defendant desired to take advantage of matters of this sort, he must show something for the court to pass upon. There was no error in this matter. The other questions are the same as those raised in Kelley v. State, ante p. 220. On the authority of that case, they are not well taken. The judgment is affirmed.

*Affirmed.*

---

ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—This case was decided by us at a former day of this term, and it now comes before us on motion for rehearing. The questions suggested by appellant in his motion for rehearing in this case are the same as in case No. 1124, Henry Jordan v. State, ante p. 222. For the reasons there indicated, the motion for rehearing in this case is overruled.

*Motion Overruled.*