JOHN STORK V. THE STATE.

No. 12725.   Delivered November 6, 1929.
Rehearing denied January 22, 1930.
Reported in 23 S. W. (2d) 733.

The opinion states the case.

*E. A. Wallace* of Cameron, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

The testimony seems amply sufficient to support the conviction. There are five bills of exception in which are presented but two complaints, one of which is that the premises to be searched were not sufficiently described, and the other of which is that the signature of the justice of the peace who took the affidavit for search warrant, as appended to said affidavit and also to the search warrant, was made with a rubber stamp.   The description of the property to be searched in the search warrant is as follows: "The private residence, barns and outhouses in connection therewith of one John Stork, a white man, who resides on his farm, situated in the Gay Hill community, about one and a half miles East of the Gay Hill store and East of Cotton Wood Creek, in Milam county, Texas." We think this a sufficient description to identify the premises, and that this was all that was necessary.

The affidavit for search warrant was made before a magistrate by the sheriff and a deputy.   There is no question but that they signed the affidavit, and were sworn to same by said magistrate, but their testimony as to what they found upon the search was objected to by appellant, the basis for his contention being that the name of the magistrate was affixed to said document by means of a rubber

stamp. Art. 316, C. C. P., which sets out the requisites of a search warrant, provides that same be dated "and signed by the magistrate and directed," etc. From the bill of exceptions we learn that because of age and infirmity which caused great nervousness on his part the magistrate signed all papers by means of a rubber stamp or stencil by the use of which his name was affixed. We might as purely informatory say here that the original documents in this case, by order of the trial court, were sent up here for our inspection as part of the statement of facts, though same were only before the court and not before the jury. The signature to each such document is in script, and evidently the stamp used by the magistrate was one producing a facsimile of his original signature at sometime written by him and used as a model for the stamp made use of by him in affixing his name to the documents in question.

In his interesting brief appellant admits that he has found no case in this State in point, but he cites Morris v. State, 2 Texas Crim. App. 503. The Morris case is followed by Dishongh v. State, 4 Texas Crim. App. 158; Scott v. State, 9 Texas Crim. App. 434; Robertson v. State, 25 Texas Crim. App. 529, and Neiman v. State, 29 Texas Crim. App. 360, all of which correctly say that a complaint must show to have been signed by the officer who took it, but these cases get us nowhere in determining whether the name of such officer must be written out in what is commonly called longhand, or if same may be typewritten thereon or placed there with some or any other means. Appellant contends that the holdings of the courts of other jurisdictions sustain his position, and he cites Mahoney v. Ayoob (Me.), 125 Atl. 146, 37 A. L. R. 85, examining which we observe that it is held by the Maine court that a signature by rubber stamp is not one given "under the hand and seal" of the officer. Appellant also cites United States v. Thompson, 28 Fed. Cas. 89, wherein it is held that a signature with a lead pencil was not a sufficient signature of a magistrate; also Oates v. Bullock, 136 Ala. 536, which holds that a warrant must be actually signed by a magistrate when the law requires him to sign same. Referring to the Maine case above cited, we note in Richardson v. Bachelder, 19 Me. 82, that the same court held in that case that a strip of paper bearing the name of the justice which was affixed by the attorney for the plaintiff, was held to be a duly signing of the writ when the justice authorized the act and adopted the signature. Nothing in the case of United States v. Thompson, supra, appeals to us as in point.

Examining further for authorities on the point raised by appellant, we find Hamilton v. State, 103 Ind. 96, holding that the name of the prosecuting attorney printed at the bottom of an indictment, is his signature within the meaning of a statute requiring that indictments be signed by such officer. Also in Tenement House Dept. v. Weil, 134 N. Y. Supp. 1062, it was held that a facsimile signature of the proper officer of the tenement house department made with a rubber stamp, is a sufficient signing of an order of such department respecting an alleged violation of the Tenement House Law, which law does not provide the form of the order, or the manner in which it should be signed. In Lamaster v. Wilkerson, 143 Ky. 226, 136 S. W. Rep. 217, it was held that printing the trustees' names on the notice of a school bond election, was a sufficient compliance with a statute requiring such notice to be signed by them, where they authorized such printing and adopted same as their signatures. In Bennett v. Brumfitt, L. R. 3 C. P. 28, it was held that an objector to a list of voters who affixed his name with a stamp to his objections, had signed same within the meaning of a statute providing that such objections should be signed by the person objecting. In Blades v. Lawrence, L. R. 9 Q. B. 374, it was held that the judge's signature to an order made in chambers might be affixed by the clerk by the use of a stamp. The principle in point is stated in Cummings v. Landes, 140 Ia. 80, 117 N. W. 22, wherein the court holds that a statute requiring an original notice to be signed by the plaintiff or his attorney demands no more than that the name of the plaintiff be attached to the notice by any of the known methods of impressing a name on paper,—whether this be in writing, printing or lithographing, provided it is done with the intention of signing. In Herrick v. Morrill, 37 Minn. 250, a printed signature to a summons was held a compliance with a statute which required said summons to be subscribed by the attorney for the plaintiff. A similar holding appears in Mezchen v. More, 54 Wis. 214. In Ligare v. California S. R. R. Co., 76 Cal. 610, it was held that the appending of a seal by the clerk of a court to a summons bearing his printed name, is an adoption of such signature, and a compliance with a statute requiring the summons to be signed by the clerk. In Littleton v. Marshall, 6 Ohio N. P. 509, it was held that even a strict construction of the law requiring a summons to be signed by the clerk, would be complied with by writing, printing or stamping such name at the end of the summons. In Barnard v. Heydrick, 49 Barb. (N. Y.) 62, after holding that the printed name of the

plaintiff's attorney at the end of a summons met a requirement that such summons be subscribed by the plaintiff or his attorney,—the court further says that there is no sufficient reason on the ground of public policy, or of inconvenience to suitors, to require a different or more stringent rule in the case of legal process than in other cases affecting the private rights of citizens. There seems no doubt that in ordinary business transactions, documents signed with a rubber stamp are binding and valid. Carroll v. Mitchell-Parks Mfg. Co., 128 S. W. Rep. 449; Midkiff & Caudle v. Johnson Co. Savings Bank, 144 S. W. Rep. 706. In 30 A. L. R. at p. 703, appears the statement upon citation of many authorities from various states: "The courts seem to be generally in accord in holding that a printed or stamped signature of the judge or court officer issuing an order or writ is a sufficient authentication fulfilling the legal requirement for a signature where such signature has in effect been adopted by the issuing officer." In this State the entire omission of a signature from judgments and decrees, though required by statute, has often been held not to affect the validity of same. Lockhart v. State, 32 Texas Crim. Rep. 149; Wright v. State, 37 Texas Crim. Rep. 3; Jordan v. State, 37 Texas Crim. Rep. 224; Norwood v. Snell, 95 Tex. 582.

The writer is of opinion that when it appears without question, as in this case, that the magistrate in person took the affidavits of those who swore to same, and also so issued the search warrant, and that to each he affixed his name, it would be a matter of no moment whether he so affixed said name by one stroke as by the use of a stencil or rubber stamp, or whether he sat down at a typewriter and wrote his name with same upon such document, or that he wrote it out in what we commonly call longhand, provided that in each such case the facts must show the name to have been affixed by the officer himself, or under his immediate authority and direction and in his presence. In either event he has signed his name to the document. There is nothing in our statute making requirement as to the manner or form of such signature, and we know of no rule of reason which would justify us in going beyond what the law requires. These seem to be the only questions raised by appellant calling for discussion on our part.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Quite earnestly the appellant, through his counsel, contends that in declaring that the affidavit for the search warrant was *signed* by the magistrate, within the meaning of Art. 316, C. C. P., 1925, error was committed. The article mentioned concludes thus:

"That it be dated and signed by the magistrate, and directed to the sheriff or other peace officer of the proper county."

In Art. 23, Rev. Civ. Stat., 1925, it is said:

"The following meaning shall be given to each of the following words, unless a different meaning is apparent from the context:

\* \* \*

3. 'Written' or 'in writing' includes any representation of words, letters or figures, whether by writing, printing or otherwise.

\* \* \*

6. 'Signature' or 'subscribe' includes the mark of a person unable to write."

This court, in the case of O'Bryan v. State, 27 Tex. Cr. App. 340, used the following language:

"Whilst it is declared by statute that 'an indictment is the *written* statement of a grand jury accusing a person therein named of some act or omission which by law is declared to be an offense' (Code Crim. Proc., Art. 419), still it is no objection to its validity that it is in form partly printed and partly written. The word 'writing' or 'written,' under our statutes, civil as well as criminal, includes 'printing.' (Rev. Stats., Art. 3140, subdivis. 3; Penal Code, Art. 30.)

The pertinent inquiry is not the form or the means used by the magistrate in affixing his signature, but was it his act. In the case of Mondragon v. Mondragon, 257 S. W. 215, the Supreme Court of this state, citing numerous precedents, said:

"A signature made by a rubber stamp, typewriter, or printing, or by another without authority and in the absence of the grantor, or even when forged, may be adopted, and the instrument to which it is signed become binding."

In a bill of exceptions the following is found:

"Yes, Ed. F. English, the magistrate before whom this was sworn to at the time this writ was had, was acting, qualified Justice of Peace for Precinct One, in which Cameron is situated. He is a very aged man, about 85 or 86 years old. Yes, he was very nervous when writing. Yes, I and the Sheriff, L. L. Blaylock, signed this

affidavit and swore to it before him. Yes, the signatures that Mr. Wallace asked me about, Ed. F. English signed it by *stencil;* he applied them on the paper. Yes, I know that he used that stencil for the issuance of practically all his papers. Yes, I know why. He was so nervous he could not use pencil or pen, and cannot write."

The interpretation of the statute and the precedents cited above from this court and from the Supreme Court were not changed or modified by the Legislature in its revision of the statutes in 1925, and such interpretation is presumed in accord with the legislative intent in making the revision. Art. 28, P. C., 1925, is identical with subd. 6 of Art. 23, R. S., 1925.

The case of Wade v. State, 22 Tex. Cr. App. 256, is regarded as turning upon the intent with which the judge wrote his name. Otherwise it would be in conflict with a fixed and well-grounded rule as is illustrated by many authorities, among them the case of Price v. State, 12 Tex. Cr. App. 238, in which Judge Hurt, writing the opinion of this court, quoting from the opinion of the Supreme Court of this State, said:

"In order to bind a party to a written contract or agreement, it is not necessary that his signature should appear at the end of it. If he writes his name in any part of the agreement it may be taken as his signature, provided it was there written for the purpose of giving authenticity to the instrument, and thus operating as a signature."

The case of Wade v. State, supra, so far as we are aware, has never been followed. On the contrary, its soundness was questioned in the opinion of this court in Colter v. State, 110 Tex. Cr. R. 12.

In the present instance, taking into account the infirmities of the magistrate as proper and embraced in the bill of exception, no doubt is entertained by the writer of the soundness of the conclusion reached and stated in the original opinion.

The motion for rehearing is overruled.

*Overruled.*