MIDELLA ENTERPRISES, INC.,
Plaintiff-Appellant,

v.

MISSOURI STATE HIGHWAY COMMIS-
SION, Defendant-Respondent.

No. 10461.

Missouri Court of Appeals,
Springfield District.

July 18, 1978.

Motion for Rehearing or to Remand for
Receipt of Additional Evidence Denied
Aug. 7, 1978.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

James R. Reynolds, Ford, Ford, Crow & Reynolds, Kennett, for defendant-appellant.

Paul L. Bradshaw, Joseph A. Bohrer, Neale, Newman, Bradshaw & Freeman, Springfield, for plaintiff-appellant.

Bruce A. Ring, Chief Counsel, Jefferson City, John H. Gladden, Asst. Counsel, Joplin, for defendant-respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

Midella Enterprises, Inc. (Midella), initiated proceedings in two counts against the Missouri State Highway Commission (Commission) to quiet title to certain real estate and for declaratory judgment. From portions of the judgment rendered thereon in favor of the Commission, Midella prosecutes this appeal.

Midella is the fee owner of land situate at the southwest corner of the intersection of U.S. Highways 60 and 71 in Newton County. In 1948, KAMO Electric Cooperative (KAMO) acquired by grant from Midella's predecessors in title a 100-foot "Right of Way Easement" over the land for the erection and maintenance of its power lines. The east-west easement intercepts a segment of north-south Highway 71's right-of-way at its eastern terminus. The eastern boundary of the land burdened with the easement, (now owned by Midella) is also contiguous with the Highway 71 right-of-

way. In 1959 the Commission obtained from the Coopers (Midella's predecessors in title to the land burdened with the easement) all rights of direct access to the highway, but never did so with respect to such rights of access as KAMO possessed by virtue of its easement.

KAMO, in 1974, partially released the easement by quitclaim deed to Midella, retaining for itself certain rights in connection with the maintenance of its electrical transmission lines.[1] On the strength of this apparent increase in its ownership interest in the land as owner of the servient tenement, and to forward its building plans for a shopping center, Midella asserted a right of access to both lanes of Highway 71 along the situs of the KAMO easement, and sought permission to construct a roadway thereon from the Commission. When the Commission denied permission to build this road, or any other, to facilitate its claimed right of access, Midella brought the present action.

The trial court did not agree with Midella's interpretation of the rights it acquired via the 1974 quitclaim deed from KAMO. Although the court quieted title in Midella to the land demarcated by the KAMO easement, subject to no adverse interests except the rights reserved by KAMO, the court declared, inter alia, that: "Plaintiff [Midella] has no right of access to and from its land to U.S. Highway 71, and no right to construct a driveway to permit such access by the (KAMO) easement . . . ."

Midella's single assignment of error on appeal is as follows: "The trial court erred in granting judgment for [the Commission] on both counts of [Midella's] petition, because the right-of-way easement executed by [Midella's] predecessors in title granted, in general terms, a specifically described right-of-way, without limitation as to its use; and the court erred by interpreting the grant in a way which would exclude its use to gain access to Highway 71."

Thus stated, Midella's point on appeal does not apprise this court of precisely which of several distinct, if related, issues resolved against it in the trial court's judgment Midella is contesting. From its brief, however, it is apparent that Midella's attack on the judgment is confined to the trial court's construction of the 1948 "Right-of-Way Easement" so as to prohibit Midella's claimed rights of access and roadway construction through the easement where it abuts onto Highway 71.

As the owner of the servient tenement, Midella was privileged to make such use of the land as would not be inconsistent with the provisions of the original 1948 grant to KAMO even prior to 1974.[2] Subsequently those rights were augmented by KAMO's quitclaim deed to Midella, so that its use of the land burdened by the easement is now subject only to KAMO's reservations in the deed.[3]

However, for reasons which will appear hereafter, the nature and extent of Midella's property rights in the easement are not

1. To acquire an easement, there must be a dominant and servient estate and they must not be lodged in the same person. One who owns the fee cannot acquire an easement over it. *Ball v. Gross*, 565 S.W.2d 685, 688[4][6] (Mo.App.1978); *Marshall v. Callahan*, 241 Mo. App. 336, 346, 229 S.W.2d 730, 735[9] (1950). Generally, the owner of an easement may release the right to the owner of the servient estate via a deed or writing. 28 C.J.S. Easements § 61a., p. 727.

2. Restatement, Property, Div. V, Servitudes, § 486: "The possessor of land subject to an easement created by conveyance is privileged to make such uses of the servient tenement as are not inconsistent with the provisions of the creating conveyance."

3. KAMO's 1974 quitclaim deed to appellant contained the following reservations: "Reserving unto the Grantor right to maintain its electric transmission lines over and across said property and to construct, operate, repair, and maintain on said premises the present structures for its electric transmission or distribution, together with appurtenances including without limitation anchors and guys, and to operate and maintain such additional poles or structures as may from time to time be necessary or desirable, and to license, permit or otherwise agree to the joint use or occupancy of said line or system by any other person, corporation or association."

determinative of the issues raised on appeal regarding its rights of access to Highway 71 and need not be determined precisely. Instead, we will limit ourselves to a determination of only those questions essential to a proper disposition of this appeal. *Kestner v. Jakobe*, 412 S.W.2d 205, 207[1] (Mo.App. 1967).

■ We concur with the judgment of the court below in result.[4] However, we are constrained to point out our divergence from the rationale of the trial court in reaching that result and to modify, in certain respects, the trial court's findings of fact and law made pursuant to Midella's request.

One of the trial court's findings, predicated on the parties' stipulation to that effect,[5] was that the KAMO easement extended eastward across the western right-of-way line and the southbound lane of Highway 71. In addition to the stipulation itself, other evidence bearing upon the extent and location of the easement (consisting of copies of the 1948 and 1974 instruments of conveyance, exhibits, diagrams and testimony) have all been introduced and made part of the record without objection. A careful review of this evidence reveals that the stipulation of the parties, necessarily based upon their construction of the instruments of conveyance, is in error.

■ Ordinarily courts are bound by stipulations of litigants. But that general rule cannot be invoked to bind or circumscribe a court in its determination of questions of law;[6] and no agreed statement of facts can fix a conclusion of law.[7] Inasmuch as the stipulation of parties (and hence the trial court's findings) depends upon an agreement as to the construction and effect of a written instrument, or upon an agreement concerning the legal effect of admitted facts, it is not binding upon this court. *Swift & Co. v. Hocking Valley R. Co.*, 243 U.S. 281, 289, 37 S.Ct. 287, 61 L.Ed. 722 (1917).

■ A careful plotting of the location of the easement from the legal descriptions contained in the instruments of conveyance, a review of diagrams and exhibits purporting to illustrate, inter alia, the relative positions of easement and the Highway 71 right-of-way (as well as the testimony on the subject),[8] compel the conclusion that the KAMO easement, as it originally existed in 1948 and as it was partially released by deed to Midella in 1974, only extended eastward so as to abut the west right-of-way line of Highway 71 and no farther.

The actual location of the KAMO easement, relative to the western right-of-way line of Highway 71, when taken with other facts manifest in the record, render it immaterial whether Midella acquired a limited

---

4. It is well settled that the judgment of the trial court, even if based on an incorrect theory, should be affirmed, if, on the evidence, such a result could properly have been reached and this rule is equally applicable to the correct result in a declaratory judgment action. *Ehrle v. Bank Bldg. & Equip. Corp. of America*, 530 S.W.2d 482, 491 (Mo.App.1975).

5. The parties jointly submitted certain stipulations of fact at trial which were adopted by the court below in its findings and made part of the record on appeal; the stipulation and finding referred to follows in part: "The real estate conveyed by Cooper and which is described in paragraph '6' herein, included that real estate subject to the right-of-way granted KAMO Electric Cooperative, Inc. and KAMO's right-of-way runs across and intersects the purported highway right-of-way conveyed by Cooper to the State of Missouri, for highway purposes. . . ."

6. *Stine v. Kansas City*, 458 S.W.2d 601, 606 (Mo.App.1970); 73 Am.Jur.2d, Stipulations, § 5, at p. 539.

7. *Aubuchon v. Bender*, 44 Mo. 560, 570 (1869).

8. The only testimony regarding whether or not the KAMO easement transected the Western right-of-way line of Highway 71 was adduced from respondent's witness, District Chief Designer Lewis Hancock, who testified that the easement had *stopped at the right-of-way line* in 1948, when KAMO acquired it; that the location of the right-of-way line has remained *the same to the present*; and that the original easement never did go across the location of the old highway so as to provide access to Highway 71.

or unlimited right of use with respect to the easement by KAMO's 1974 quitclaim deed.

As already noted, Midella is the owner of the land burdened by the KAMO easement. As has also been shown previously, the Commission acquired from a predecessor in title (the Coopers) all abutter's rights of direct access to Highway 71 appurtenant to that land.

The 1959 instrument effecting this transfer of rights to the State contains the following promise: "[E]xcept that there is reserved and excepted to Grantors, their heirs and assigns, the *usual right of direct access* (1) *to any adjacent outer-roadway if, and while it may be maintained by proper authority in front of said land*, and (2) along it to and from the nearest lane of the thru- way or public highway. *This conveyance is made upon the condition and understanding that the State will construct and maintain such an adjacent outer-roadway fronting on Grantor's land* . . . ." (Our emphasis). The parties have stipulated that this promise of access has been fulfilled and that Midella does in fact have direct access to Highway 71 via this outer roadway: i. e., "13. Plaintiff [Midella] has no direct access from its property onto U. S. Highway 71 *except to the outer roadway* at the West edge of Highway 71, as the same is now located, at the SE corner of plaintiff's property. . . . 19. The *outer roadway* mentioned in the Deed . . . [partially recited above] *has been built and is in place in accordance with that deed*." (Our emphasis).

■ Through art. 4, § 29, Constitution of Missouri, V.A.M.S., the Commission is authorized to ". . . limit access to, from and across state highways where the public interest and safety may require, . . ."; and it may exercise this power by agreement with the abutting landowner as well as through eminent domain. *Shepherd v. State ex rel. State Highway Com'n*, 427 S.W.2d 382, 386[1] (Mo.1968).

Under the admitted facts, therefore, Midella's rights of access as an abutting landowner—save for the small segment of property abutting Highway 71 demarcated by

the KAMO easement—have been validly limited by the Commission pursuant to agreement with its predecessor in title. Midella does not claim the access afforded its property under this agreement with the Commission is blocked or unreasonably restricted; nor does it claim compensation for its alleged access rights through the KAMO easement. Midella's sole contention, in essence, is that it is entitled to access from a particular point of its abutting property because of the Commission's failure to condemn or otherwise acquire access rights appurtenant to that particular segment of its abutting property. Midella's claim is clearly incompatible with controlling precedent in this jurisdiction regarding the nature of an abutting landowner's rights in such circumstances. These are clearly defined in *State ex rel. State Highway Com'n v. Meier*, 388 S.W.2d 855, 857[1] (Mo.banc 1965), as follows: "An abutting owner's property right to 'access' is better described as the *right of ingress and egress to and from his property and the abutting public highway.* The right also includes the *further right to connect with or reach the system of public highways, which right is also subject to reasonable restrictions under the police power of the State* in protecting the public and facilitating traffic. *The right does not include the right to travel in any particular direction from one's property or upon any particular part of the public highway right-of-way* . . . ." (Our emphasis). At page 859[9] the court further said that although an abutting property owner's rights of access are property rights, which cannot be taken without compensation, these rights are subject to well-recognized limitations and exclusions: "*One of these limitations is that the right of ingress and egress does not extend to every foot of the condemnee's frontage, but under the police power of the State the right may be limited to a reasonable access under the existing facts and circumstances.* . . . Every citizen holds his property subject to the valid exercise of the police power. *Bellerive Inv. Co. v. Kansas City*, 321 Mo. 969, 13 S.W.2d 628, 634[1] and cases cited."

Midella's right of access is therefore subject to the reasonable exercise of the police power of the Commission. The limitation of access involved in the instant case—the restriction of access to an outer roadway fronting on the owner's property abutting the highway, which subsequently connects with the highway property—has not even been held to constitute a compensable taking or interference with the abutting landowner's rights of access. *State ex rel. State Highway Com'n v. Brockfeld*, 388 S.W.2d 862, 864[1, 2] (Mo.banc 1965). Absent a showing that the access remaining to Midella is unreasonably restricted, and confronted with record facts wholly inconsistent with such a conclusion, it follows that the Commission did not act in derogation of any right of access to Highway 71 possessed by Midella.

It therefore follows that the judgment of the court nisi is affirmed and remanded with directions to modify its judgment in accordance with this opinion.

All concur.