

# The Attorney General of Texas

November 4, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No.  JM-373

Re: Authority of a county and/or district clerk to affix a judge's signature to a judgment in a criminal case

Dear Mr. Driscoll:

At the request of the District Clerk of Harris County, you have asked the following questions:

> 1. Whether the clerk of the county and district courts or his deputies may affix by facsimile signature stamp the judge's signature to judgments or orders in criminal cases?

> 2. Whether the clerk of the court may prepare a judgment in criminal cases and affix the judge's facsimile signature to the same without prior review by the judge?

You phrase your questions in terms of the powers of county and district clerks, but the key to your questions lies in determining the purpose and significance of a judge's signature on judgments and orders in criminal cases.

A judge signs a variety of orders in criminal cases. See Code Crim. Proc. art. 42.01 (defining a "judgment" as a "written declaration of the court signed by the trial judge and entered of record"). The purpose of a judge's signature on such instruments is to show his knowledge and approval of the contents. See Bustillos v. State, 213 S.W.2d 837, 841 (Tex. Crim. App. 1948), quoting In re Walker's Estate, 110 Cal. 387, 42 P. 815, 816 (1895). It is the responsibility of the judge to read every judgment and order. See Burrell v. Cornelius, 570 S.W.2d 382, 384 (Tex. 1978). The signature signifies that he has done so.

In a 1929 case, the court of criminal appeals held that a justice of the peace could "sign" a search warrant with a facsimile stamp or stencil. Stork v. State, 23 S.W.2d 733 (Tex. Crim. App. 1929). The court wrote:

> [I]t would be a matter of no moment whether [the justice of the peace] so affixed said name by one stroke as by the use of a stencil or rubber stamp, or whether he sat down at a typewriter and wrote his name with same upon such document, or that he wrote it out in what we commonly call longhand, provided that in each such case the facts must show the name to have been affixed by the officer himself, or under his immediate authority and direction and in his presence. In either event he has signed his name to the document. There is nothing in our statute making requirement as to the manner or form of such signature, and we know of no rule of reason which would justify us in going beyond what the law requires.

Id. at 735.

The holding of Stork provides the answers to your questions. A judge can use a facsimile stamp to "sign" a document. Id. See also Paulus v. State, 633 S.W.2d 827, 849 (Tex. Crim. App. 1981) (grand jury foreman may use facsimile stamp on indictment); Brooks v. State, 599 S.W.2d 312, 322-323 (Tex. Crim. App. 1979) (clerk may use facsimile stamp on certain certificates). Also, someone who is under the immediate authority of and in the presence of the judge may, at his discretion, affix the judge's signature by facsimile stamp. Stork, at 733. The placement of the judge's signature on a document by another person under such circumstances is not an act of agent because the other person acts as a mere instrument or amanuensis. See Mondragon v. Mondragon, 257 S.W. 215, 216 (Tex. 1923). Thus, only under those limited circumstances can a judge "sign" a document by directing another person to actually place a mark on the document.

### S U M M A R Y

A judge may "sign" a document by allowing another person to place a mark on a document that constitutes the judge's approval of the document only if the other person does so in the presence of and under the direction of the judge.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk