**Ken and Wanda SPRADLING, d/b/a G & B Mini Mart, Plaintiffs–Respondents,**

**v.**

**SUPERVISOR OF LIQUOR CONTROL, STATE OF MISSOURI, Defendant–Appellant.**

**No. 74151.**

Supreme Court of Missouri, En Banc.

Feb. 25, 1992.

---

William L. Webster, Atty. Gen., Deborah G. Buckner, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Craig E. Hellman, Frank E. Carlson, Union, for plaintiffs-respondents.

BLACKMAR, Judge.

Kenneth and Wanda Spradling, in June of 1989, filed an application by partnership for a retail license to sell 3.2% beer. A question on the application reads:

> Has any member of the partnership or any person with a direct or indirect interest in the business ever been charged with, indicted for, or convicted of a violation of any Federal law, law of the State of Missouri, or of any other state, or country? If so, give details:

The Spradlings answered "No." Wanda testified that she filled out the application and that Kenneth signed it without reading it.

On June 14, 1989, the Supervisor of Liquor Control denied their application by a letter, which provided in pertinent part as follows:

> Regulation 11 CSR 70–2.020(8), Rules and Regulations of the Supervisor of Liquor Control provides: "No license shall be granted to an applicant unless he makes full, true and complete answers to all questions in the application."
>
> Question number 12 on your application asks: "Have you or any person with a direct or indirect interest in the business been charged with, indicted for, or convicted of a violation of any Federal law, law of the State of Missouri, or of any other state, or count[r]y?" To this question you answered "No", when in fact, according to our investigation of your application, Kenneth L. Spradling was convicted in the Circuit Court of Ripley County on November 17, 1970 and place [sic] on five years probation.
>
> In light of the foregoing, I am compelled to deny your application for a license to sell 3.2% beer in the original package for failure to make full, true and complete answers to all questions in the application, as required by Regulation 11 CSR 70–2.020(8), Rules and Regu-

lations of the Supervisor of Liquor Control.

The Spradlings appealed to the Administrative Hearing Commission, which sustained the Supervisor's action. They then filed a petition for review in the Circuit Court of Franklin County, which reversed the Commission. The Court of Appeals for the Eastern District affirmed the judgment of the circuit court. We granted transfer. We now reverse the judgment of the circuit court and remand with directions to deny the petition for review.

■ Although this action is formally an appeal from the judgment of the circuit court, we are actually reviewing the decision of the Administrative Hearing Commission.[1] The circuit court review was based on the administrative record in accordance with the provisions of § 536.140. The question presented is purely legal and, therefore, we are entitled to sustain the decision if it is correct, even though the grounds we rely on are not the same as those tendered by the Administrative Hearing Commission.[2]

The argument in the several tribunals below focused on the status of Kenneth Spradling's 1970 conviction. The trial court suspended imposition of the sentence. Kenneth was placed on five years' probation and was discharged from probation on April 3, 1973. He argues that his denial of criminal history on the application is not a false statement. He relies on § 610.110, RSMo 1986, which provides:

No person as to whom such records [of a suspended imposition of sentence] have become closed records shall thereafter, under any provision of law, be held to be guilty of perjury or otherwise of giving a false statement by reason of his failure to recite or acknowledge such arrest or trial in response to any inquiry made of him for any purpose, except as provided in section 491.050, RSMo, and section 610.120.

The Supervisor argues that Kenneth cannot rely on this statute because he never petitioned to have his records closed pursuant to the procedure established in § 610.-106, RSMo 1986. We need not probe this contention further and need not address Kenneth's assertion that his records should be treated as closed. We conclude instead that § 610.110 does not excuse him from making a truthful response to the questions on the application, regardless of whether the records of his conviction are closed.

■ All phases of the liquor business are subject to strict regulation.[3] The operation of a facility for the sale of any alcoholic beverage at retail is a privilege that may be limited to persons of good character.[4] The supervisor is authorized to make appropriate inquiries into the fitness of applicants for licenses and is entitled to the cooperation of applicants in obtaining all pertinent information. 11 CSR 70–2.020(8), authorizing denial of a license for failure to make "full, true and complete answers" to the questions on the application, is a valuable means of assuring cooperation. Although a question might be raised as to whether a license may be denied simply because the applicant had been charged or indicted, information along these lines could surely be helpful in an investigation of the applicant's character. Kenneth's admission of the charged offense is also a material circumstance.

**1.** See § 536.140.3; *Hermel, Inc. v. State Tax Commission,* 564 S.W.2d 888, 894 (Mo. banc 1978); *Shawnee Bend Special Road District "D" v. Camden County Commission,* 800 S.W.2d 452, 456 (Mo.App.1990).

**2.** See § 536.140.2; *Jackson County v. State Board of Mediation,* 690 S.W.2d 400, 402 (Mo. banc 1985); *Kansas City v. Missouri Commission on Human Rights,* 632 S.W.2d 488, 490 (Mo. banc 1982).

**3.** *See, e.g.,* §§ 311.010–311.880; 312.010–312.-510, RSMo 1986; 11 CSR §§ 70–1.010; 70–2.010–70–2.270. *See also Capital Cities Cable, Inc. v. Crisp,* 467 U.S. 691, 104 S.Ct. 2694, 2707, 81 L.Ed.2d 580 (1984); *Brown–Forman Distillers Corp. v. Stewart,* 520 S.W.2d 1, 5 (Mo. banc 1975).

**4.** *See* § 311.210, RSMo 1986; *State ex rel. Renner v. Noel,* 346 Mo. 286, 140 S.W.2d 57 (Mo. banc 1940).

The supervisor properly determined that the Spradlings' answer was not "full, true and complete." Section 610.110 does not apply because denial of a liquor license is not a holding of "guilty of perjury or otherwise of giving a false statement," within the meaning of the statute. The statute offers protection from criminal responsibility; it does not confer license to frustrate proper official inquiry by omission of pertinent information. *Martin v. Schmalz*, 713 S.W.2d 22 (Mo.App.1986), does not apply because it dealt with information obtained from closed records. In this case, the fact of arrest and conviction were admitted by the applicants.

We do not need to probe the statutory provisions governing suspension of imposition of sentence further. It is not inappropriate to observe, however, that the statutes express no purpose of guaranteeing total secrecy of expunged convictions, and that these convictions may be relevant for certain purposes. *See State v. Lynch*, 679 S.W.2d 858, 861 (Mo. banc 1984). Nor are we to be understood as holding that adverse inferences may be drawn merely from arrests or charges. Such occurrences may provide leads in an investigation, and so inquiry is appropriate.

The judgment of the circuit court is reversed and the case is remanded with directions to dismiss the petition for review.

All concur.

