In re the **MARRIAGE OF** Donna **LOGSDON** and Billy G. **Logsdon.**

Upon the Petition of Donna Logsdon, Appellee,

And Concerning Billy G. Logsdon, Appellant.

No. 92–1019.

Court of Appeals of Iowa.

Oct. 28, 1993.

August B. Landis of Whitfield & Eddy, Des Moines, for appellant.

Louis Fusco of Wilson, Fowler & Fusco, Indianola, for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

SCHLEGEL, Judge.

The former husband appeals the district court's ruling denying his motion to quash the garnishment of his savings account to pay an arrearage in his alimony obligation. He contends the former wife's claim for alimony dating back twenty years is barred by the statute of limitations and the equitable defenses of laches, estoppel, and waiver.

The parties' 1964 divorce decree provided Billy was to pay twenty dollars per week alimony and fifty dollars per week child support. A 1967 order modified the decree to $230 per month child support and $100 per month alimony. The last time Billy made any payment to the clerk of the district court was on January 4, 1973. In 1991 Donna filed two praecipes for general execution to recover part of this arrearage. The district court issued two general executions.

Billy filed a motion to quash Donna's garnishment of his savings account at the Delevan Employees' Credit Union pursuant to the second general execution. Billy maintained the garnishment was barred by: (1) the twenty-year statute of limitations contained in Iowa Code section 614.1(6) (1991); (2) laches; (3) estoppel by acquiescence; and (4) waiver.

Following a hearing on the motion to quash, the district court found the unpaid child support was barred by the statute of limitations since the children had reached the age of majority. The court found the alimony was still due and payable, concluding Billy had failed to pay alimony for 240 months. The court found the principal of $24,000 due. The district court therefore partially denied Billy's motion to quash. Donna then filed an application to condemn the funds garnished from Billy's savings account, and the district court entered an order condemning the funds. Billy appeals. We affirm.

In this equity action, our review is de novo. Iowa R.App. P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

The dispositive question in the present case is whether the modification of the parties' original decree—increasing Donna's alimony award to $100 per month—constitutes a judgment of the district court as of the date the modification order was entered (January 16, 1964). We hold it does not. Instead, we agree with the district court's holding that each ordered payment of monthly alimony constitutes a separate judgment as it becomes due. Each month the alimony payments remain due and unpaid they become a judgment against Billy.

Accordingly, the statute of limitations contained in Iowa Code section 614.1(6) (1991) does not act as a complete bar to these garnishment proceedings. This statute of limitations has run only on the part of the alimony arrearage which dates back more than twenty years prior to Donna's collection efforts.

Having considered, and rejected, Billy's remaining contentions on appeal, we affirm the district court's decision denying the defendant's motion to quash garnishment.

**AFFIRMED.**

DONIELSON and HAYDEN, JJ., take no part.