**Charles R. HENSLEY, Petitioner–Appellant, [per Rule 84.05(3) ]**

v.

**MISSOURI DIVISION OF CHILD SUPPORT ENFORCEMENT, Respondent–Respondent.**

No. 20013.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 1, 1995.

Richard D. Bender, Sherwood, Honecker & Bender, Springfield, for petitioner-appellant.

Catherine J. Nelson, Mo. Dept. of Social Services, Div. of Legal Services, Jefferson City, for respondent-respondent.

SHRUM, Chief Judge.

The Missouri Division of Child Support Enforcement (Agency) issued orders against Charles R. Hensley (Hensley) regarding child support arrearages allegedly owed by Hensley under a 1967 judgment entered in Iowa. Hensley appealed to the circuit court. After it reviewed the administrative record, the circuit court reversed Agency's decision.

In its judgment, the circuit court stated that the "[p]arties have agreed that, under the applicable Iowa Statute of Limitations, efforts to enforce the Iowa court order in Iowa would be barred." The circuit court accepted the litigants' stipulation as correct. With that view of Iowa law as its premise, the circuit court reasoned that: (1) the term "arrearages" as used in § 454.476 means "unpaid, accrued and *enforceable amounts;*" (2) in the instant case, there was no proof of enforceable amounts due in Iowa because of

that forum's statute of limitations; and (3) thus, the Agency erred in issuing its administrative orders against Hensley. Agency appeals from that judgment.

Because Hensley was the party aggrieved by Agency's decision, he was required to file "the appellant's brief." Rule 84.05(e).[1] Hensley's single point relied on is as follows: "The trial court properly denied enforcement of a 1967 Iowa child support judgment because the enforcement was barred by the statute of limitations in that this action was commenced after expiration of the applicable Iowa 20–year statute of limitations." As we understand it, Hensley's claim is that the twenty-year limitation prescribed by § 614.1.6, IOWA CODE ANN. (West Supp. 1992),[2] runs from the entry of judgment, in this case July 12, 1967, without regard to payments. Thus, he argues that since "[e]nforcement of the Iowa Judgment is barred in Iowa[,] ... [Agency] has [failed to show] that there are ... unpaid and unenforceable amounts due under the Iowa court order in Iowa. Accordingly, there is not proof of any arrearage and the Administrative Order was erroneously issued under § 454.476."

In its brief, Agency appears to agree with Hensley's assertion concerning application of the Iowa statute of limitations, i.e., that the statute would bar enforcement of the judgment in that state. Nevertheless, Agency argues that its decision should be reinstated because of 13 C.S.R. 30–4.010(11)(c).[3]

 We are not bound by the parties' assumptions or stipulations of law. *See State*

---

1. Effective January 1, 1994, Rule 84.05(e) provides:

 "If the circuit court reverses a decision of an administrative agency and the appellate court reviews the decision of the agency rather than of the circuit court, the party aggrieved by the agency decision shall file the appellant's brief and reply brief, if any, and serve them within the time otherwise required for the appellant to serve briefs. The party aggrieved by the circuit court decision shall prepare the respondent's brief and serve it in a time otherwise required for the respondent to serve briefs."

2. In pertinent part, IOWA CODE ANN. § 614.1.6 (West Supp.1992) reads:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

 . . . .

 6. **Judgments of courts of record.** Those founded on a judgment of a court of record, whether of this or of any other of the United States, or of the federal courts of the United States, within twenty years."

3. 13 C.S.R. 30–4.010(11)(c) states that "[t]he Division of Child Support Enforcement and the circuit court shall apply either the applicable statute of limitations of this state or of the jurisdiction which issued the support order entered under this rule, whichever is longer."

*ex rel. Glendinning Companies of Connecticut, Inc. v. Letz,* 591 S.W.2d 92, 96 n. 1 (Mo.App.1979). Inasmuch as the stipulation mentioned in the circuit court's judgment (and, hence, the circuit court's findings) depends upon the construction and effect of an Iowa statute, it is not binding upon this court. *Midella Enterprises v. Missouri State Highway Commission,* 570 S.W.2d 298, 301[5] (Mo.App.1978).

■■■ Additionally, in a case such as this we are to review "the decision of the agency, not the judgment of the circuit court." *State ex rel. Clatt v. Erickson,* 859 S.W.2d 239, 241[1] (Mo.App.1993). We must affirm the decision unless it is unconstitutional or in excess of Agency's authority, is not supported by competent and substantial evidence, is otherwise unauthorized by law, is arbitrary, capricious or unreasonable, or an abuse of discretion. § 536.140.2, RSMo 1994. We also note that the question presented by Hensley's point is purely legal, thus entitling us to sustain Agency's decision if it is correct, even though the grounds we rely on are not the same as those relied on by Agency. *Spradling v. Supervisor of Liquor Control,* 824 S.W.2d 906, 908[1] (Mo. banc 1992).

With these principles as our guide, we examine Iowa law. First, *Cullinan v. Cullinan,* 226 N.W.2d 33 (Iowa 1975), confirms that in Iowa, as in Missouri, each ordered payment of child support constitutes a separate judgment as it becomes due. In that case a father challenged the jurisdiction of Iowa courts when mother attempted, in 1972, to collect child support allegedly due under a 1948 divorce judgment. Father's last support payment was made in December 1953. In 1954, father moved to California. Before his move, mother tried, "with scant success," to compel father to pay. After the children reached majority, mother sought and was awarded a judgment for accrued and unpaid child support for the seventeen years that payments were not made. In partial response to father's jurisdictional argument, the Iowa Supreme Court said:

"A jurisdictional question was avoided by [father's] general appearance but should be explained. The states are in conflict on the question of whether arrearage in child support payments, previously decreed, must be reduced to judgment before execution can issue. The question generally turns on local statute.... Our own cases hold a further entry of judgment is, with an exception to be noted, unnecessary.... *Each installment is in itself a judgment as it becomes due.*"

*Id.* at 35 (emphasis ours). *See also In re Marriage of Shepherd,* 429 N.W.2d 145, 146 (Iowa 1988) (citing *Gray v. Gray,* 238 Iowa 723, 27 N.W.2d 123, 126 (1947)) (both cases holding that each child support installment becomes a final judgment and lien as it becomes due).

■■■ We do not find an Iowa holding that interprets or applies the Iowa statute of limitations to periodic child support payments. There are cases, however, that deal with Iowa's statute of limitations and its effect on periodic maintenance judgments. We deem the maintenance cases to be so closely analogous that they are controlling. For instance, in *Bennett v. Tomlinson,* 206 Iowa 1075, 221 N.W. 837, 840[7] (1928), the Iowa Supreme Court held that "[t]he statute of limitations began to run against each installment [of periodic maintenance] only from the time it fell due." More recently, the Iowa Court of Appeals reached the same result under the contemporary version of the statute of limitations:

"[E]ach ordered payment of monthly alimony constitutes a separate judgment as it becomes due....

Accordingly, the statute of limitations contained in Iowa Code section 614.1(6) (1991) does not act as a complete bar to these garnishment proceedings. This statute of limitations has run only on the part of the alimony arrearage which dates back more than twenty years prior to Donna's collection efforts."

*In re Marriage of Logsdon,* 510 N.W.2d 160, 161[3, 4] (Iowa App.1993).

■ Finally, the dissenting opinion in *Davidson v. Van Lengen,* 266 N.W.2d 436 (Iowa 1978), is instructive. There, the trial court declared that the doctrine of "estoppel by acquiescence" precluded mother's claim to back child support. On appeal, the majority opinion agreed and affirmed. Writing for the dissenting judges, Justice Reynoldson suggested that it was "illogical ... to speak of [mother's] delay in collection proceedings in terms of a time period originating with the dissolution decree." *Id.* at 442. He explained thusly:

> "We said in *Cullinan v. Cullinan,* 226 N.W.2d 33, 35 (Iowa 1975), '[e]ach installment is in itself a judgment as it becomes due....' *The statute* [of limitations] *apparently runs from the time each* [child support] *installment falls due.* See *Bennett v. Tomlinson,* 206 Iowa 1075, 1079, 221 N.W. 837, 840 (1928); Annot., *Alimony or Support Order—Action—Time,* 70 A.L.R.2d 1250, § 4(b), pp. 1258–1262 (1960)."

*Id.* at 441–42 (emphasis ours).

We do not find the emphasized portion of Justice Reynoldson's dissent to be contrary to either the holding of the majority or other Iowa case law. We acknowledge that Justice Reynoldson's comment is dicta found in a dissent, yet, we consider what he wrote to be an accurate recitation of Iowa law in light of *Cullinan, Shepherd, Bennett,* and *Logsdon.*

From all of the foregoing, we are persuaded that the Iowa Supreme Court, if called upon to address the issue, would hold that the twenty-year limitation period found in IOWA CODE ANN. § 614.1.6 (West Supp.1992), runs from the time each child support installment falls due. We find, therefore, that the circuit court erred when it found that "[t]he Iowa 20 year limitations period runs from the

entry of judgment, without reference to payments."

Here, the record shows that Hensley and his former wife were divorced by an Iowa decree entered July 12, 1967. Hensley was ordered to pay $20 per week as support for two children whose custody was placed with his former wife. Whether Hensley ever voluntarily paid any part of the court-ordered child support is not clear. The record does show that Agency credited Hensley for child support payments made via a series of income tax refund intercepts that occurred during the years 1983–92.

On May 14, 1992, Agency entered administrative orders against Hensley as authorized by § 454.476, RSMo 1994.[4] Hensley then requested a hearing regarding that action. After conducting an evidentiary hearing, Agency found that the two children were emancipated on May 2, 1983, and February 28, 1985, respectively. It also found that between July 18, 1973, and May 14, 1992, the sum of $14,350 had accrued under the Iowa court order.[5] After allowing credits, Agency found arrearages totalling $5,764.61 as of May 14, 1992.

We are unable to glean from the record the exact date on which Agency instituted its collection efforts. The only date we can use with any confidence is May 14, 1992, when Agency first entered its orders. Accordingly, the Iowa statute would not bar the collection of any payments that came due after twenty years before May 14, 1992, that is, May 14, 1972.

Here, we need not and do not decide which statute of limitations is longer. This follows because Agency did not attempt enforcement of payments barred by either of the statutes, i.e., before July 14, 1973, under Missouri's

---

**4.** Specifically, Agency entered orders entitled "Administrative Order on an Existing Order" and "Order for Employer to Withhold and Pay Over."

**5.** May 14, 1992, was the date Agency first entered administrative orders against Hensley. The July 1973 date stems from the fact that the Agency applied Missouri law. Apparently, July

1983 was when the earliest tax intercept occurred. In applying Missouri law, including its 10–year statute of limitations (*See* § 516.350, RSMo 1994), Agency treated the July 1983 tax refund intercept as a revival of the periodic judgments represented by each past due child support payment for the ten-year period preceding the tax intercept, that is, back to July 1973.

statute or prior to May 14, 1972, under Iowa law. We conclude that Agency had authority under § 454.476 to issue its administrative orders against Hensley for an arrearage of $5,764.61 and that Agency's decision does not violate any of the statutory grounds stated in § 536.140.2.

We reverse the judgment of the circuit court and remand with instructions that the circuit court reinstate Agency's decision.

PREWITT, P.J., and CROW, J., concur.